* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. On July 1, 2003, Plaintiff was an employee of Glover Printing, Inc. and Star Insurance Company was the workers' compensation carrier on the risk.
3. Plaintiff sustained an injury by accident arising out of and in the course of her employment with Glover Printing on July 1, 2003.
4. On July 1, 2003, Plaintiff's average weekly wages were $581.84.
5. As a result of this workers' compensation claim, Star Insurance Company has paid Plaintiff compensation for disability: (1) under N.C. Gen. Stat. § 97-29 at the rate of $387.89 per week from July 16, 2003 through August 19, 2003, and from August 23, 2003 through the present; and (2) under N.C. Gen. Stat. § 97-30 in the amount of $38.60 for the period of time from August 20, 2003 through August 22, 2003.
 * * * * * * * * * * * ISSUES
1. Whether Plaintiff is suffering from a reduction in her capacity to earn wages and, if so, to what extent?
2. If Plaintiff is determined to be suffering from a reduction in her capacity to earn wages, whether said reduction is a result of her injury at work on July 1, 2003?
3. To what extent have Defendants overcompensated Plaintiff, based upon payment of compensation for disability after Plaintiff was no longer suffering from a reduction in her capacity to earn wages resulting from her injury at work on July 1, 2003?
4. If Plaintiff is still disabled, which is vigorously denied by Defendants, should she cooperate with further efforts at vocational rehabilitation?
5. Whether the Industrial Commission used the proper legal standard in ruling on Defendants' Form 24? *Page 3 
6. Whether Plaintiff is entitled to reinstatement of vocational rehabilitation services?
7. Whether Plaintiff is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1?
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, Plaintiff was 60 years old. Plaintiff completed the 9th
grade and had not earned a GED or other high school equivalency degree.
2. On July 1, 2003, Plaintiff sustained an injury to her back, which was accepted as compensable by Defendants. Subsequent to Plaintiff's compensable injury, she treated with Dr. George Charron of Capital Orthopaedic Sports Medicine Center. Dr. Charron assigned sedentary work restrictions and recommended treatment with a pain clinic. Upon referral from Dr. Charron, Plaintiff began treatment with Carolina Pain Consultants at Duke Health Raleigh Hospital.
3. On May 9, 2005, Dr. Michael Gwinn of the Carolina Back Institute performed an independent medical examination (IME) of Plaintiff. Dr. Gwinn found Plaintiff capable of sedentary or light work with the ability to change positions. Dr. Gwinn also restricted Plaintiff's lifting to a maximum of 20 pounds and no frequent bending or twisting.
4. On August 3, 2005, Mr. George Lentz with Crawford Healthcare Management met with Plaintiff for an initial vocational assessment. Mr. Lentz was hired to assist Plaintiff in seeking employment within her work restrictions. Immediately following their initial meeting, *Page 4 
Mr. Lentz requested that Plaintiff complete an interest inventory and review and correct a resume he had drafted. Plaintiff completed and returned these items on or about September 14, 2005.
5. On September 22, 2005, Mr. Lentz submitted a job lead for a Call Center Interviewer position doing telephone surveys for Harker Research in Raleigh. The Call Center Interviewer position was part-time employment consisting of 10 to 15 hours of work per week at a rate of pay of $7.50 per hour. Mr. Lentz testified that he viewed this part-time employment position as a way to transition Plaintiff back to full-time employment due to her being completely out of work since August 2003.
6. On October 4, 2005, Mr. Lentz submitted to Dr. Gwinn for approval a written job description for the Call Center Interviewer position. Dr. Gwinn approved this position as being within Plaintiff's physical limitations. Plaintiff, however, declined to apply for the position stating the position was not suitable employment.
7. On October 3, 2006, Defendants filed a Form 24 Application to Terminate or Suspend Payment of Compensation, which was denied by an Administrative Order filed November 8, 2005. In December 2005, Defendants requested that Mr. Lentz cease his efforts of providing vocational rehabilitation services to Plaintiff.
8. On or about December 16, 2005, and continuing until the date of the hearing before the Deputy Commissioner, Plaintiff sent copies of her resume to various printing businesses in Wake County. Due to her 25 years of experience in the printing business, Plaintiff was familiar with the companies where she submitted her resume. Each week Plaintiff forwarded five resumes to different employers as she had been directed to do by Mr. Lentz in the past. Only one employer offered Plaintiff a few hours of work for a one-day special project. *Page 5 
Plaintiff did not receive any other offers of employment from the businesses where she submitted her resume. Plaintiff has made reasonable efforts to find suitable employment.
9. Mr. Lentz testified that Plaintiff complied with vocational rehabilitation efforts except for applying for the Call Center Interviewer position. Mr. Lentz further testified that he would be willing to provide vocational rehabilitation services to Plaintiff if the services were reinstated. Plaintiff testified she is willing to work with vocational rehabilitation in an effort to find suitable employment.
10. Prior to her injury, Plaintiff earned an average weekly wage of $581.84. The Call Center Interviewer position was a part-time job, offering work for 3 to 4 evening/night hours Monday through Friday, with an option also to work 6pm-12am and one Saturday. Plaintiff would have been paid approximately $112.50 per week, approximately one-fifth of her pre-injury wages, and her daily commute would have been approximately 31 miles. The job involved conducting research interviews by telephone according to specific instructions and data collection. There is insufficient evidence from which to find whether Plaintiff would have been able to perform the Call Center Interviewer position considering her limited education. In light of the disparity between the pre-injury wages and the post-injury job offer, the limited hours, the distance to be traveled for the hours of work offered and Plaintiff's limited education, the Call Center Interviewer position is not suitable employment. Therefore, Plaintiff was justified in refusing to accept the Call Center Interviewer position.
11. Defendants contend, however, that the part-time employment offered to Plaintiff was part of the vocational rehabilitation plan and was a means of helping Plaintiff transition to suitable employment. Defendants have now stipulated that "so long as Plaintiff is actively cooperating with vocational rehabilitation and transitional employment is a component of *Page 6 
Plaintiff's vocational rehabilitation plan, [D]efendants (1) will continue to pay [P]laintiff compensation under N.C. Gen. Stat. § 97-29, subject to a credit for any earnings [P]laintiff received by virtue of any transitional employment, and (2) will not convert [P]laintiff's disability benefits to compensation under N.C. Gen. Stat. § 97-30." Defendant's stipulation is found to be reasonable.
12. The Full Commission finds that it is reasonable for Plaintiff's vocational rehabilitation plan to include employment that would not be considered suitable employment, so long as the employment is a reasonable effort to assist Plaintiff in increasing her marketability and increase her likelihood of finding suitable employment. Plaintiff is willing to cooperate with reasonable vocational rehabilitation efforts.
13. The surveillance DVD and report offered by Defendants did not establish that Plaintiff has the ability to perform tasks beyond the work restrictions provided by her authorized treating physicians.
14. Defendants reasonably defended this matter and no attorney's fees are warranted.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. Defendants' Form 24 application to suspend benefits is being reviewed de novo. As such, Defendants bear the burden of proving that Plaintiff's benefits should be suspended. Rules 404(5) and 703(1) of the Workers' Compensation Rules.
2. Plaintiff's refusal of the part-time employment as a Call Center Interviewer was justified, as the position did not constitute suitable employment. A part-time position, or a *Page 7 
modified job with accommodations may constitute reasonable vocational rehabilitation when it is reasonably calculated to lead to suitable employment. N.C. Gen. Stat. § 97-25.
3. As a result of her compensable injury, Plaintiff remains disabled and is entitled to continuing total disability benefits at the weekly compensation rate of $387.91. N.C. Gen. Stat. § 97-29.
4. As long as Plaintiff is receiving disability compensation, Plaintiff is expected to cooperate with reasonable vocational rehabilitation offered by Defendants, including a vocational rehabilitation plan that includes searching for jobs that may not meet the requirements of suitable employment under the Act, so long as the accommodative, transitional or bridge employment is reasonably calculated to lead to suitable employment. N.C. Gen. Stat. § 97-25. Plaintiff has cooperated with reasonable vocational rehabilitation. Defendants' stipulation is deemed to be reasonable and the Full Commission concludes that the stipulation is binding.
5. Vocational Rehabilitation should be reinstated to offer Plaintiff an opportunity to be restored as soon as possible and as nearly as practicable to her pre-injury wage, while giving due consideration to Plaintiff's qualifications, impairment, vocational interests, and aptitudes. Rule III (G) of the North Carolina Industrial Commission Rules for Utilization of Rehabilitation Professionals.
6. The hearing of this matter was not unreasonably defended, and therefore, no attorney's fees should be assessed pursuant to N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following: *Page 8 
 AWARD
1. Subject to a reasonable attorney's fee approved herein, Defendants shall pay Plaintiff total disability compensation at the compensation rate of $387.91 per week and continuing until further order of the Industrial Commission allowing modification, suspension, or termination of compensation.
2. Defendants shall reinstate vocational rehabilitation services to assist Plaintiff with obtaining suitable employment.
3. A vocational rehabilitation plan that includes searching for jobs that may not be suitable, so long as the employment is reasonably calculated to lead to suitable employment is reasonable. Defendants stipulated and the Full Commission so Orders that so long as Plaintiff is actively cooperating with vocational rehabilitation and transitional employment is a component of Plaintiff's vocational rehabilitation plan, Defendants shall continue to pay Plaintiff compensation under N.C. Gen. Stat. § 97-29, subject to a credit for any earnings Plaintiff received by virtue of any transitional employment, and Defendants shall not convert Plaintiff's disability benefits to compensation under N.C. Gen. Stat. § 97-30.
4. A reasonable attorney's fee of 25% of the compensation due Plaintiff under Paragraph 1 of this Award is approved for Plaintiff's counsel and shall be paid as follows: Defendants shall pay Plaintiff's counsel every fourth check due Plaintiff.
5. Defendants shall bear the costs.
This the ___ day of April 2007.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/ ________________________ BUCK LATTIMORE CHAIRMAN
 S/ ________________________ PAMELA T. YOUNG COMMISSIONER *Page 1